RAMÓN MONTANER, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent, and SANTOS JIMÉNEZ, a minor represented by his mother with *patria potestas*, ANDREA GAUTIER FÉLIX, Petitioner before the Commission.

No. 220. Argued March 31, 1941.—Decided April 4, 1941.

*George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González,* for the petitioner, State Insurance Fund; *Virgilio Brunet,* for petitioner before the Industrial Commission.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a writ of review filed by the Manager of the State Insurance Fund against an order of the Industrial Commission rendered on an appeal taken by the minor beneficiary, Santos Jiménez, in the case concerning the death of the workman Isidro Jiménez.

The case was adjudged to be compensable by an order of the Commission, affirmed by judgment of this Court rendered on July 18, 1940, 57 P.R.R.____. The case was returned to the Manager, who on August 7, 1940, held said minor to be a beneficiary and set the compensation at $1,975, payable in monthly installments of $40, retroactive to the date of the death of the workman which took place on March 25, 1939, and held that said payment should be made until December 17, 1940, when the minor would reach the age of eighteen years.

On the following 6th of September, the beneficiary through his attorney, appealed to the Commission stating that he agreed that the monthly payments should cease on the date stated by the Manager but not that the latter should retain the balance of the compensation.

The Commission decided this pleading as follows:

"The case deals with the minor Santos Jiménez, beneficiary of Isidro Jiménez, his father, a workman who died in an accident in the course of his employment and who will reach the age of eighteen years on or about next December. The compensation awarded for the death of his father amounts to $1975, which is being paid to said beneficiary by the Manager of the State Insurance Fund in monthly installments of $40. It appears that this beneficiary requested the Manager of the State Insurance Fund, basing his request on the provisions of the fourth paragraph of part 5 of Section 3 of the Workmen's Compensation Act in force, that he be paid the complete amount of the compensation at once in order to make an investment which would be to his benefit. The Manager opposed this request and insisted on the partial payments. It is obvious that if these are continued as at present, when the beneficiary reaches the age of eighteen years next December, the State Insurance Fund

will be benefited by the rest of the compensation which will not have been as yet paid to him. The workman (*sic*), through his Attorney, Mr. V. Brunet, appealed from this order to the Industrial Commission by petition dated last September 6th.

"The part of the law to which we have just referred reads as follows:

" 'Section 3.—. . . . . . . . .

" 'The compensation awarded to beneficiaries entitled to receive it shall be paid in monthly installments; and in cases where the Manager so decides, the compensation shall be paid in full in one sole payment, subject to the approval of the Industrial Commission by the unanimous vote of its members, provided it is proved from the facts investigated by the Manager or the Industrial Commission that there is no danger in making such payment and that the disbursement will be advantageous to the beneficiaries and to the purposes pursued by this Act. In such cases the Manager and the Industrial Commission shall state in their resolutions the result of the facts investigated and their reasons for granting full payment at one sole time.

" ' '. . . . . . . . .'

"Did the legislator mean to say that the Manager of the State Insurance Fund is the absolute authority to decide the manner in which the payment of a compensation is to be made to the beneficiaries of a workman who died in an accident during the course of his employment, or must his decision be made by keeping in mind that there be no danger in making the payment at once and that the investment made with the amount of the compensation paid in whole be of benefit to the beneficiary? We doubt that it was the intention of the legislator to give the Manager of the Fund such an absolute power . . . .

"At all events, this question has not been decided until now . . . and we consider it necessary to hear the Manager of the State Fund and the beneficiary before deciding it definitely. In consequence, we order a public and oral hearing to be held which . . . is set. . .''

The hearing was held as ordered. The Manager as well as the beneficiary had an opportunity of stating their reasons and they did so at length. The Commission ratified its opinion and held:

"Therefore, our conclusion is that, according to the provisions of law above copied, if the beneficiary should make a proposal for the

investment of his compensation as a whole to the Manager of the State Insurance Fund or to the Industrial Commission and from the investigation which is made by either of these two entities, it should be proven that there is no danger in making the payment in this manner and that the investment will be profitable to the beneficiary in accordance with the provisions of this Act, the Manager of the State Fund is bound to pay the total amount of the compensation and the Industrial Commission to unanimously approve it. . .

"In the present case, the beneficiary, Santos Jiménez, proposed in time to the Manager of the State Fund to invest the rest of the compensation which was as yet not paid in the purchase of a house. This investment *prima facie* appeared to be beneficial to Jiménez and in accordance with the provisions of the Act. The State Fund or the Industrial Commission should have investigated this investment and if it had considered that it was beneficial for the petitioner, the Manager of the State Insurance Fund, with the unanimous approval of the Industrial Commission, should have acceded to the petition of the beneficiary. And it does not matter that this proposition of the beneficiary was made two months or one month before arriving at the age of eighteen years, since his right to propose such investment was in force until the day on which said right ceased; and therefore, he could claim it until the last moment, that is, until he reached the age of eighteen years, as provided for by the Act.

"For the foregoing reasons we hold that the Manager of the State Insurance Fund is bound to pay the total compensation which corresponds to the beneficiary, Santos Jiménez, to be invested by him in the purchase of the house which he says, if from the investigation which the Manager of the State Insurance Fund or the Industrial Commission makes of the facts, it is proven that there is no danger whatsoever in making this payment and that the proposed investment will be profitable to the beneficiary Santos Jiménez, and in keeping with the purposes of the Act."

The Manager requested a reconsideration and it was denied. He then appealed to this Court alleging that the Commission committed three errors in hearing an appeal not authorized by the Act, in invading the discretional authority of the Manager, and in contravening the provisions of Section 3, part 5, paragraph 5 of Act No. 45 of 1935 ((1) page 250).

In arguing the assignments of error in his brief, the Manager does not follow the order established by himself, but he uses pages and pages to discuss the question of whether the right to compensation is or is not a vested right. He cites a good number of decisions which are not really applicable to the exact solution of the problem herein involved. We will limit our study to the just limits of the case.

 Let us see whether the Commission had authority to hear and decide the appeal brought before it. The statute to be interpreted was copied in the first decision of the Commission and is Section 3, Part 5, Par. 4 of Act No. 45 of 1935, page 266. There is no doubt that according to this statute it is the Manager who should act in the first instance, but there is no doubt either that according to it and to the system created by the Act in general, the Commission may and should intervene in the matter when there is a discrepancy between the workman or his beneficiaries and the Manager. Rules exist also by virtue of which the workman or his beneficiaries are given a period of thirty days to appeal to the Commission from any decision of the Manager. The fact is that within the system, both entities—the Fund and the Commission—are interrelated and complement each other to insure the due administration of the Act for the benefit of all persons and of all the interested parties involved. Among other cases see *Montaner* v. *Industrial Commission,* 52 P.R.R. 891 and *Montaner, Mgr.,* v. *Industrial Commission,* 53 P.R.R. 174.

In this case the Manager acted first by refusing to deliver to the beneficiary the balance of the compensation fixed by himself and the beneficiary appealed to the Commission. The general rule established by the Act and its Regulations was therefore followed. There was no error.

 Did the Commission invade the discretional authority of the Manager? In our opinion it did not. It acted in the exercise of its own authority.

As we know, on August 7, 1940, the Manager set the compensation at $1,975 and he also held that the minor beneficiary should be paid $40 a month with retroactive effect to the date of the death of the workman which occurred on March 25, 1939, and that said installments should be discontinued on December 17, 1940, on which date the minor beneficiary would reach the age of eighteen years. A simple arithmetical operation shows that $40 a month paid from March, 1939, until December, 1940, do not cover the amount of $1,975.

We agree that the best policy to be followed in most of these cases is the division of the compensation in partial monthly payments and that $40 a month was an amount correctly decided upon. But we cannot agree that the rest should disappear for the beneficiary.

This is not an ordinary case. It is usual that there are various beneficiaries and then the compensation to be distributed is hardly sufficient to satisfy their more peremptory necessities, but due to the fact that only one beneficiary exists, he should not be deprived of the payment of the compensation which according to the facts and the law belongs to him and which was so adjudicated.

The Fund substitutes, in so far as possible, what the minor would have received from the workman if the latter had continued to live and work. This protection, when the protected is only one, would have also been much greater than if there had been several and it does not seem reasonable that because there was only one dependent on the workman the latter should lessen the help, calculating it on the basis of what would have corresponded to him if he had three, five or eight persons to support. Let us allow the minor who is in this wise fortunate in the midst of his misfortune, in this case to receive the corresponding benefit complete. This was what the Commission decided after weighing the facts and the law.

Besides, the Commission limited its decision to the basic fact of the payment of the rest of the compensation, allowing the Manager to act in first instance in the investigation of the proper investment of the same.

In regard to the argument that the beneficiary accepted the decision of the Manager of August 7, 1940, in its entirety and that he is therefore estopped from attacking it, it is sufficient to say that we have read the pleading involved and that it does not have in our opinion the scope which it is alleged to have. The beneficiary, through his attorney, communicated to the Manager that he agreed with his decision "only in regard to the amount of the compensation and in regard to the amount of the monthly payments," and this does not mean that he waived his right. His petition, following immediately thereafter, that the rest be invested in the purchase of a small house, is congruent with the acceptance.

We do not believe either that the third and last error was committed. In our opinion the decision of the Commission does not contravene the legal provisions contained in the 5th Par., Part 5 of Section 3 of the statute, to wit:

"Upon the remarriage of the widow or widower, the part payments awarded for his or her benefit shall cease. They shall likewise cease on the death of any other beneficiary to whom such part payments are being made, and in the case of minors, such payments shall also cease when such minors reach the age of eighteen (18) years, unless they are disabled for work."

As we have stated before, this case involves a small compensation but it was relatively large in regard to its distribution because there was only one beneficiary. To pay it, the best method was adopted, that is, monthly payments, but acting with prudence those payments were not made too large and the total amount of the same until the time when the law orders that said payments cease, did not use up all the compensation. Before this time a request was made

that the rest should be invested according to the law. The Manager refused to do so. An appeal was taken to the Commission who believed that the petition should be acceded to. In doing this, it did not contravene the Act. It interpreted it in its true sense, insuring that the minor, through an adequate proceeding to be carried out by the Manager, could have all the benefit that the law and the facts granted to him.

The appeal should be dismissed and the record returned in order that the Manager carry out the order of the Commission.